**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
**COURTNEY ANTHONY BAILEY,**            )
                                        )
          **Plaintiff,**              )    **C.A. No. 08-CV-00754**
                                        )    **Judge Kollar-Kotelly**
    **v.**                             )
                                        )
**THE DISTRICT OF COLUMBIA** *et al.*   )
                                        )
          **Defendants.**            )
_____)


## DEFENDANT DISTRICT OF COLUMBIA'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant District of Columbia ("the District"), by and through undersigned counsel and pursuant to Fed. R. Civ. 12(c) hereby moves that this Honorable Court to dismiss the above-styled complaint.  In support of its motion, the District states that:

1.     Plaintiff's complaint should be dismissed because it fails to state a cognizable claim, and the claim is also barred by collateral estoppel and waiver;

2.     Plaintiff's Complaint should be dismissed pursuant to the doctrine of absolute quasi-judicial immunity; and

3.     Plaintiff's Complaint should be dismissed, because he does not and could not prove that the fact-specific circumstances alleged in his complaint  occurred pursuant to a custom, policy, and practice of the District of Columbia.

The attached memorandum of points and authorities more fully sets forth the grounds for dismissal.  A proposed Order is also attached. Undersigned counsel was unable to get the consent of Plaintiff as he is *pro se* and incarcerated in Phillipsburg, Pennsylvania.

1

July 8, 2008                     Respectfully submitted,

                                 PETER J. NICKLES
                                 Interim Attorney General
                                 for the District of Columbia

                                 GEORGE  C. VALENTINE
                                 Deputy Attorney General, Civil Litigation Division


                                 /s/  Samuel C. Kaplan
                                 SAMUEL C. KAPLAN (463350)
                                 Assistant Deputy Attorney General

                                 /s/ Carol A. Connolly
                                 CAROL A. CONNOLLY (468126)
                                 Assistant Attorney General
                                 441 Fourth Street, N.W., Suite 6S012
                                 carol.connolly@dc.gov
                                 202-724-6511


<u>CERTIFICIATE OF SERVICE</u>

       I HEREBY CERTIFY that a copy of the foregoing Motion to Dismiss, memorandum of
points and Authorities, and Proposed Order was filed via ECF, this 8th day of July 2008 and mailed
to:

       Courtney Anthony Bailey
       R27976-016
       MVCC
       555  Cornel Drive
       Phillipsburg, PA 16866

                                 /s/Carol A. Connolly
                                 Carol A. Connolly
                                 Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
**COURTNEY ANTHONY BAILEY,**            )
                                        )
             **Plaintiff,**             )        **C.A. No. 08-CV-00754**
                                        )        **Judge Kollar-Kotelly**
       **v.**                           )
                                        )
**THE DISTRICT OF COLUMBIA** *et al.*   )
                                        )
             **Defendants.**            )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT DISTRICT OF COLUMBIA'S MOTION FOR JUDGMENT**
**ON THE PLEADINGS**

This Court should grant the District's Motion to Dismiss because (1) Plaintiff's

Complaint failed to state a cognizable claim, and the claim is also barred by collateral

estoppel and waiver (2) Plaintiff's Complaint should be dismissed pursuant to the

doctrine of absolute quasi-judicial immunity, and (3) Plaintiff's Complaint should be

dismissed, because he does not and could not prove that the fact-specific circumstances

alleged in his complaint  occurred pursuant to a custom, policy, and practice of the

District of Columbia.

**STATEMENT OF FACTS**

Plaintiff claims that on February 18, 2005, District of Columbia Jail officials

unlawfully delivered the plaintiff to the custody of United States Marshalls when an order

issued by the Superior Court required that he be detained at the D.C. jail pending return

to the State of Maryland by officials of that state.  *See* Complaint at ¶¶ 5-6.  He argues

that "Defendants had a mandatory obligation and responsibility for detaining Plaintiff,

until the proper officials of the state of Maryland took custody of the Plaintiff." *Id* at ¶ 8.

Plaintiff was delivered to the custody of the federal marshals pursuant to an order of Magistrate Judge Kay, whom plaintiff accuses of "depriv[ing] him of his lawful liberty." *Id*. at 11.  Judge Kay ordered plaintiff committed to the U.S. District Court for the District of Maryland, Greenbelt based on an outstanding charge in that District for violating 21 U.S.C. § 841 (possession with intent to distribute narcotics).  *See* Affidavit of Anthony Courtney Bailey ("Bailey Aff."), Exhibits 5-6.  Prior to the transfer, a Rule 40 arrest warrant had been issued, and Mr. Bailey waived his right to a Rule 40 hearing. *See USA v. Bailey*, Case No. 03-3467 (DDC), Docket Nos. 2, 5. He then plead guilty in the Maryland Courts.  *See* Exhibit 1, Memorandum Opinion, *Bailey v. United States*, Civ. No. 07-0290, at 1.[1]

Plaintiff filed his complaint on April 30, 2008 claiming false arrest and false imprisonment and "a violation of his Fifth Amendment of the Unites States Constitution against a deprivation of liberty without due process of the law."  *See* Complaint at page 6.

## STANDARD OF REVIEW

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept the allegations in the complaint as true.  *See*, *e.g.*, *Croixland Properties Ltd. Partnership v. Corcoran*, 174 F.3d 213, 215 (1999).  All reasonable inferences must be drawn in favor of the plaintiff, and a court should only dismiss a complaint for failure to state a claim "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id*. (*quoting Hishon v. King & Spaulding*, 467 U.S.

---

[1]  The District requests the Court's consideration of documents that are a matter of public record, central to the allegations in plaintiff's complaint and/or subject to judicial notice.  *See Messerschmidt v. United States*, 2005 U.S. Dist. LEXIS 3954 (D.D.C. 2005); *See also Abbey v. Modern Africa One, LLC*, 2004 U.S. Dist. LEXIS 2392 (D.D.C. 2004) ("In a motion to dismiss, the Court may consider facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint, and matters of which the Court may take judicial notice."  citing *Baker v. Henderson*, 150 F. Supp. 2d 17, 19  (D. D.C. 2001).

69, 73 (1984)); *see also Price v. Crestar Secs. Corp.*, 44 F. Supp. 2d 351, 353 (D.D.C. 1999).

## ARGUMENT

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept the allegations in the complaint as true. *See*, *e.g.*, *Croixland Properties Ltd. Partnership v. Corcoran*, 174 F.3d 213, 215 (1999). All reasonable inferences must be drawn in favor of the plaintiff, and a court should only dismiss a complaint for failure to state a claim "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* (*quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)); *see also Price v. Crestar Secs. Corp.*, 44 F. Supp. 2d 351, 353 (D.D.C. 1999).

In a Rule 12(b)(6) analysis, while the complaint is to be construed liberally, courts "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept the legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp., Inc.*, 16 F.3d 1271, 1276 (1994) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, while the court "must assume the truth of all statements proffered by the party opposing summary judgment," it need not consider wholly conclusory statements for which no supporting evidence is offered. *Greene v. Dalton*, 164 F.3d 671, 674–75 (D.C. Cir. 1999).

## I.     PLAINTIFF HAS FAILED TO STATE A COGNIZABLE CLAIM, AND THE CLAIM IS ALSO BARRED BY COLLATERAL ESTOPPEL AND WAIVER

Plaintiff has failed to state a claim upon which relief can be granted. As indicated in the Statement of Facts, at the time of his arrest in Washington D.C. on state drug

charges, there was an outstanding arrest warrant against him in the District of Maryland for possession with intent to distribute more than 500 grams of cocaine. *See Bailey Memo. Op.* at 1-2. He was removed to that District pursuant to Fed. R. Crim. P. 40 after a Rule 40 warrant was properly executed, and he waived his right to a Rule 40 hearing. Plaintiff does not claim that he should have been released from government custody altogether.

Plaintiff's claim fails for a variety of reasons. *First*, Fed. R. Crim. P. 40, which would trump any contrary state law or order (even assuming that one existed) under the Supremacy Clause. His failure to identify any federal law that made his Rule 40 transfer unlawful is thus fatal to his claim. (Asserting that the transfer violated the Constitution simply begs the question of the basis for his claim that he was held in custody unlawfully.) For this reason alone, his claim fails.

*Second*, a "prisoner has no federal liberty interest in remaining within the state prison system any more than he has such an interest in remaining at a particular institution within the state system." *Corgain v. Miller*, 708 F.2d 1241, 1252 (7th Cir. 1983); *see also United States v. Horton*, No. 95-5880, 1997 WL 76063, *2 (4th Cir. Feb. 24, 1997) ("Prisoners do not have a liberty interest in remaining in any particular penal institution") (citing *Corgain*); *Story v. Morgan*, 786 F. Supp. 523 (W.D. Pa. 1992) (transfer from state prison to federal prison in another state did not infringe a constitutionally protected liberty interest). Accordingly, the transfer to the federal system was of no constitutional moment regardless of the procedures used to effect the transfer.

*Third*, and relatedly, as the U.S. District Court for the Western District of Maryland has already held with respect to this precise claim, plaintiff lacks "the requisite

standing to challenge his transfer from the District of Columbia to the District of Maryland." *See* Ex. 1, Bailey Mem. Op. at 3 (citing various cases). Instead, the "primacy of state or federal jurisdiction is a matter for the two sovereigns to determine." *Hampton v. United States*, No. 2:00CR94-P, 2007 WL 4554056, *9 (N.D. Miss. Dec. 19, 2007); *see also United States v. Harden*, No. 01-7869, 2002 WL 2004854, *1 (4th Cir. Sept. 3, 2002) ("prisoners have no standing to challenge transfers between sovereigns or to challenge the issuance of a writ of habeas corpus ad prosequendum") (citing *Derengowski v. U.S. Marshal*, 377 F.2d 223, 223 (8th Cir. 1967)). *See also id.* ("The exercise of jurisdiction over a prisoner who has violated the law of more than one sovereignty and the priority of prosecution of the prisoner is solely a question of comity between the sovereignties which is not subject to attack by the prisoner.") Plaintiff's lack of standing to challenge his transfer to federal custody forecloses his claim.

*Fourth*, as established by the citation in the prior paragraph to a memorandum opinion addressing essentially the same claim that plaintiff raises here – *i.e.*, the authority of Judge Kay to order his transfer to federal custody – collateral estoppel bars plaintiff from trying to relitigate this issue in the instant proceeding. In the District of Maryland proceeding, plaintiff asserted that the U.S. District Court for the District of Columbia lacked the authority to order plaintiff extradited from the District of Columbia to the District of Maryland. Ex. 1, Bailey Mem. Op. at 2. The Court rejected the claim for the reasons discussed in the prior paragraph, and plaintiff is attempting to relitigate the same issue in this proceeding.

*Fourth* and finally, plaintiff's claim is waived because of his delay in raising it and his waiver of his Rule 40 hearing. In addition, as stated above, he submitted to the

jurisdiction of the Maryland Court when he plead guilty to a violation of 21 U.S.C.

Section 841.  As the Court in the first *Bailey* decision held, "where Petitioner waited

nearly two [now three] years to have this Court review the propriety of his removal, the

Court believes the objection to the transfer asserted long after his plea and sentence is

now subject to waiver."  Ex. 1, Mem. Op. at 4.  Because plaintiff waived his right to a

Rule 40 hearing, and then waited more than three years to raise his claim, he has waived

the claim.  He is also collaterally estopped from relitigating the waiver issue.

## II.    PLAINTIFF'S CASE SHOULD BE DISMISSED BASED UPON THE DOCTRINE OF ABSOLUTE QUASI-JUDICIAL IMMUNITY

Law enforcement personnel, acting in furtherance of their official duties, and

relying on a facially valid (verbal or written) court order are entitled to absolute quasi-

judicial immunity from suit in an action under 42 U.S.C. § 1983.  *See Roland v. Phillips,*

19 F.3d 552, 553 (11th Cir. 1994).  The Court noted the wide number of courts that have

reached this conclusion:

> Other circuits have held that law enforcement officials executing a *facially valid court order* are protected by absolute quasi-judicial immunity. *See, e.g., Valdez v. Denver,* 878 F.2d 1285 (10th Cir.1989) (sheriff and sheriff's deputies took plaintiff into custody pursuant to judicial order); *Coverdell v. Department of Social & Health Servs.,* 834 F.2d 758 (9th Cir.1987) (child protective services worker removed newborn infant from hospital and placement in temporary shelter pursuant to court order); *Henry v. Farmer City State Bank,* 808 F.2d 1228 (7th Cir.1986) (sheriff participated in execution of foreclosure sale pursuant to judgment of foreclosure); *Tymiak v. Omodt,* 676 F.2d 306 (8th Cir.1982) (per curiam) (sheriff evicted plaintiff from home in compliance with court order); *Fowler v. Alexander,* 478 F.2d 694 (4th Cir.1973) (sheriff and jailer confined plaintiff pursuant to a court order). "Enforcing a court order or judgment is intrinsically associated with a judicial proceeding." *Valdez,* 878 F.2d at 1288. These implementing individuals "are themselves 'integral parts of the judicial process.'" *Coverdell,* 834 F.2d at 765 (quoting *Briscoe v. LaHue,* 460 U.S. 325, 335, 103 S. Ct. 1108, 1116, 75 L. Ed. 2d 96 (1983)).

*See Id.*

In this case, Plaintiff's case should be dismissed based on the doctrine of absolute quasi-judicial immunity, because the District employees who transferred him were executing a facially valid order of Magistrate Judge Alan Kay.  Plaintiff complains that the District of Columbia Jails Officials, the United States Marshalls, and the District of Columbia court system should not have delivered him for extradition to the Maryland Court system. *See* Complaint at ¶¶ 5-10.  However, the District of Columbia employees who transferred him are clearly law- enforcement personnel who were acting in furtherance of their official duties and relying on a court order. As such, they are an integral part of the judicial process and Plaintiff's Complaint should be dismissed.

**III.    PLAINTIFF'S CASE SHOULD BE DISMISSED BECAUSE HE FAILED TO**
**ALLEGE THAT THE ALLEGED WRONG WAS PART OF A CUSTOM, POLICY, AND PRACTICE OF THE D.C. GOVERNMENT**

A § 1983 complaint must allege an established municipal policy or custom that caused the constitutional violation at issue.  *Dorman v. District of Columbia*, 888 F.2d 159, 162 (D.C. Cir. 1989); *Dant v. District of Columbia*, 829 F.2d 69, 77 (D.C. Cir. 1987).  A complaint that does not allege such a policy or custom fails to allege a necessary element of liability under § 1983 and must be dismissed.  *Dant*, 829 F.2d at 76. As explained in *Monell v. Dep't of Social Servs. of the City of New York*, the District can be held liable for the plaintiff's constitutional claims only if the plaintiff alleges facts that indicate his injury was caused by a policy or custom of the District.  436 U.S. 658, 694 (1978).

In our case, Plaintiff's Complaint does not allege that his injury was caused by any such policy or custom of the District.  As such, Plaintiff's Complaint should be dismissed for this reason as well.

July 8, 2008

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General
for the District of Columbia

GEORGE  C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/  Samuel C. Kaplan
SAMUEL C. KAPLAN (463350)
Assistant Deputy Attorney General

/s/ Carol A. Connolly
CAROL A. CONNOLLY (468126)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S012
carol.connolly@dc.gov
202-724-6511

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                              )
**COURTNEY ANTHONY BAILEY,**                  )
                                              )
       **Plaintiff,**        )    **C.A. No. 08-CV-00754**
                                              )    **Judge Kollar-Kotelly**
    **v.**                        )
                                              )
**THE DISTRICT OF COLUMBIA** *et al.*         )
                                              )
      **Defendants.**        )
_____)

## <u>ORDER</u>

     Upon consideration of the District of Columbia's Motion, the memorandum of points and authorities in support thereof, the plaintiff's opposition, if any, and the entire record herein, it is by this Court, this _____ day of _____, 200____.

     ORDERED that the Complaint is hereby DISMISSED WITH PREJUDICE for the reasons stated in the District's motion.


                      _____
                      Judge Kollar-Kotelly
                      Judge, United States District Court for
                      the District of Columbia

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

AUG 3 1 2007

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

COURTNEY ANTHONY BAILEY      *
                             *
v.                           *      Civil No.-     AW-07-0290
                             *      Criminal No.   AW-05-0099
                             *
UNITED STATES OF AMERICA    ******

## MEMORANDUM OPINION

Before the Court is a Motion by the Petitioner/Defendant, Courtney Anthony Bailey, pursuant to 28 U.S.C § 2255 To Vacate, Set Aside or Correct Sentence. In his Motion, Petitioner alleges that his conviction should be vacated because of: (1) ineffective assistance of counsel; (2) due process and equal protection violations of the Fifth, Sixth, and Fourteenth Amendments, and a violation of the Eighth Amendment's prescription against cruel and unusual punishments; (3) no extradition hearing or habeas corpus hearing, no establishment of custody and lack of personal jurisdiction; (4) lack of a writ of habeas corpus ad prosequendum, violation of various sections of the D.C. Code; and (5) prosecutorial misconduct based on a lack of jurisdiction to prosecute. The Government has responded to the Motion, Petitioner has filed a reply to the Government's opposition and the Motion is ripe for resolution. The Court has reviewed the current pleadings and the entire file relative to the present Motion, including the underlying criminal case file, and the Judgment issued by this Court. For the reasons stated hereinafter, the Motion must be denied.

On August 19, 2005 Petitioner pled guilty to Count two of a Superseding Indictment, which charged him with possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841. As part of his plea agreement, Petitioner stipulated and acknowledged that on or about September 25, 2003 he arranged for a package of cocaine powder to be sent via Federal





Express from Oakland, California to an apartment in Oxon Hill, Maryland. On September 26, 2003,
Petitioner signed for the packages of cocaine at his apartment and shortly thereafter Petitioner exited
his apartment building and began driving away from the apartment. As uniformed federal law
enforcement agents approached him, Petitioner reversed his vehicle and drove into one of the police
vehicles assisting the federal agents. Petitioner was able to elude the law enforcement officers and
thereafter sold the cocaine to other individuals. Apparently, Petitioner remained a fugitive until his
arrest in Washington, D.C. on state drug charges in February 2005. On January 31, 2006 Petitioner
was sentenced to 63 months with the Bureau of Prisons and given credit for time served commencing
February 17, 2005.

While Petitioner has asserted a number of claims, including a claim that he was the victim
of ineffective assistance of counsel, the chief complaint of Petitioner surrounds his assertion that he
was improperly extradited without notice and without a hearing from the District of Columbia to
Maryland. More specifically, he asserts that no writ of habeas corpus ad prosequendum was issued
nor presented to the D.C. Superior Court, and that no court in the District of Columbia, including
the United States District Court for the District of Columbia [where Petitioner alleges he was initially
taken] had the authority to order Petitioner extradited out of the District of Columbia and to the
United States District Court for the District of Maryland. Petitioner cites several statutory provisions
of the D.C. Code in support of his assertion that this Court was without proper authority and
jurisdiction to have convicted and sentenced him. Petitioner asserts that his attorney should have
known of the lack of jurisdiction of this Court and failed to investigate these facts to determine that
Petitioner's rights were violated. Petitioner further argues that the Assistant United States Attorney
for the District of Maryland who was assigned to the case has engaged in misconduct because he

should have known of the improper removal of Petitioner from the District of Columbia without a hearing and without the issuance of a writ, and that he should have known that this Court was assuming jurisdiction without authority. Finally, Petitioner's other claims of violations of the fourth, fifth, sixth, eighth and fourteenth amendments all stem from his claim of an illegal, unconstitutional and improper removal from the District of Columbia to Maryland where he pled guilty and was sentenced.

The Court agrees with the Government and its arguments advanced as part of its opposition to the Motion to vacate pursuant to 28 U.S.C. § 2255. While the Court is not aware of any published Fourth Circuit decisions directly on point, the Court was directed by the Government to two unpublished decisions which appear dispositive of Petitioner's claims. In both *United States v. Harden*, 45 Fed Appx.237, 239 (4th Cir.2002) and *United States v. Horton* CR 93-40, 1997 WL 76063 at *1-3 (4th Cir., February 24, 1997), the Courts are clear in finding the absence of standing as they cite approvingly from *Derengowski v. U.S. Marshal*, 377 F.2d 223, 223 (8th Cir. 1967), cert. denied, 389 U.S. 884 (1967), "[It] is a well-established legal rule that a state prisoner is without standing to contest a federal court's issuance of a writ or habeas corpus ad prosequendum." The prohibition also bars prisoners from challenging the operation of writs. In accord is *Flick v. Blevins*, 887 F.2d 778,781 (7th Cir. 1989) – however, prisoners have no standing to challenge transfers between sovereigns or to challenge the issuance of a writ of habeas corpus ad prosequendum.

Preliminarily, the Court does not believe that Petitioner has the requisite standing to challenge his transfer from the District of Columbia to the District of Maryland where Petitioner was charged and pled guilty before a Court possessing the jurisdiction to hear and accept the guilty plea. Moreover, the Court does not believe that procedural deficiencies in transfer from one jurisdiction

3

to another affects the power, authority and competence of the receiving jurisdiction to try an accused on charges pending in that court. Indeed, whatever procedural deficiencies Petitioner is now asserting should have been presented long before he submitted to the Court's jurisdiction and entered his guilty plea. To the extent that Petitioner had standing to challenge directly his transfer without a removal hearing, he has no standing to challenge directly the issuance of the ad prosequendum writ because an ad prosequendum writ is simply a procedural mechanism for transporting prisoners between sovereigns, and it is those sovereigns that have standing to object. *Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922). Furthermore, here, where Petitioner waited nearly two years to have this Court review the propriety of his removal,[1] the Court believes the objection to the transfer asserted long after his plea and sentence is now subject to waiver. *See United States v. Milton*, 1996 WL 324401 (W.D. Va. 1996) (finding that because the defendant waited nearly seven months to have the district court review the propriety of his removal, he waived his right to do).

Petitioner claims to be the victim of ineffective assistance of counsel. In order to prevail on his claim for ineffective assistance of counsel, Petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness (the performance component), and there is a reasonable probability that, but for counsel's ineffectiveness, the result of the case or his fate would have been different (the prejudice component). *Strickland v. Washington*, 466 U.S. 668 (1984), is the well known case which sets forth the standard.

There is nothing in the record suggesting that the counsel knew or should have known that

---

[1] On February 24, 2005, Petitioner arrived in the District of Maryland for his initial appearance. On February 4, 2007, nearly two years after his initial appearance, Petitioner, for the first time, in his Motion to Vacate Sentence, raises challenges to his transfer to the District of Maryland.

Petitioner wanted to challenge the manner of Petitioner being brought to the District of Maryland. Nor does the Court believe that his counsel was obligated to raise Petitioner's removal issue given the absence of legal authority supporting the lack of standing of Petitioner to challenge his transfer. What appears on the docket entry is that Petitioner was charged on February 24, 2005 for an alleged incident occurring on September 26, 2003. Petitioner was presented in the United States District Court for the District of Maryland on the date he was charged and was ordered detained. The office of the Federal Public Defender entered their appearance and, thereafter, Petitioner was indicted by the grand jury on March 7, 2005. As indicated earlier, Petitioner, subsequently, pled guilty and was sentenced to a total term of 63 months with credit time served commencing on February 17, 2005–which is the day the Court assumes that Petitioner became within and under federal custody. There is nothing on the face of the docket entries which would have triggered indications of constitutional violations.

In short, the Court has reviewed the entire record, including the criminal proceedings as well as the pleadings and record with respect to the instant Motion, and concludes that Petitioner has not demonstrated any constitutional ineffectiveness under the *Strickland* test to warrant relief from the conviction and sentence. Petitioner simply makes bald allegations of ineffectiveness with no factual support. The inescapable conclusion the Court reaches is that there is no evidence of a performance deficiency. Nor is there anything demonstrating prejudice sustained by Petitioner even if the Court could find deficiencies in performance.

Finally, Petitioner's remaining claims all fail as they are based upon Petitioner's claim of an improper removal. For the reasons previously articulated with reference to Petitioner's transfer and removal claims, the Court also determines that there are no grounds nor any factual basis to conclude

that there was prosecutorial misconduct or other violations of the fourth, fifth, sixth, eighth, and

fourteenth amendments.

Accordingly, the Motion To Vacate, Set Aside, or Correct Sentence is DENIED. A separate

order will issue.

 

 

__August 31, 2007__
Date

Alexander Williams, Jr.
United States District Judge

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

COURTNEY ANTHONY BAILEY          *
                                 *
            v.                   *        Civil No.    AW-07-0290
                                 *        Criminal No.  AW-05-0099
                                 *
UNITED STATES OF AMERICA         ******


**MEMORANDUM OPINION**

Before the Court is a Motion to Re-Open Case to Allow For Notice of Appeal and For

Out of Time Certificate of Appealability.  The Government has responded to this Motion.

Before resolving this Motion, the court must clarify a perception Petitioner is attempting to

convey.  In response to Petitioner's suggestion that he was unaware that the Court had resolved

his Motion to Vacate, this Court recently sent Petitioner a copy of the Court's Memorandum

Opinion and Order dated August 31, 2007.  In addition to denying the relief requested in the

§ 2255 Motion, the Court also directed the clerk to mail copies of the Memorandum Opinion and

Order to all parties.  Petitioner appears to be creating the impression that the Court deliberately

and belatedly sent him notice of an action taken months earlier and which therefore prevented

Petitioner from appealing the decision.  That being said, the Court is not in a position to

determine whether the memorandum opinion was received or mailed out.  The Court will,

therefore, accept Petitioner's claim that he did not receive a copy of the Memorandum Opinion

and Order and will permit and extend the time for Petitioner to file his notice of appeal with the

Fourth Circuit.



[Now] with respect to the request for a Certificate of Appeal, the Court has considered the issues raised by Petitioner in his request. These issues essentially repeat Petitioner's claim that he was wrongfully removed from the District of Columbia where he was incarcerated and transferred to Maryland in violation of what Petitioner argues is due process and statutory law. Petitioner also claims that the United States District Court for the District of Maryland did not have jurisdiction or authority to hear his criminal case and preside over his conviction and sentence. These issues were addressed in earlier motions filed with this Court and were addressed in the memorandum opinion and order denying the § 2255 Motion. The Court concluded, inter alia, in that opinion that Petitioner lacked the requisite standing to challenge the issuance of a writ of habeas corpus ad prosequendum. The Court further concluded that petitioner waived whatever alleged procedural deficiencies that arguably occurred in the transfer from one jurisdiction to this Court when Petitioner submitted to the jurisdiction of the receiving court and entered a guilty plea. Furthermore, the Court believes that the receiving Court possessed the power and authority to have accepted Petitioner's guilty plea. In sum, the Court does not believe nor can the Court find that Petitioner has made a substantial showing of a denial of a constitutional right, by demonstrating that the grounds presented are debatable among jurists of reason. Petitioner's request for a [out of time] certificate of appeal will be denied.

Petitioner has also filed three additional Motions all of which are grounded upon and driven by Petitioner's claim that this Court lacked the legal jurisdiction to have accepted Petitioner's guilty plea and to have sentenced Petitioner. Because the Court believes that it previously and correctly addressed Petitioner's underlying claims in his § 2255 Motion, these three Motions are also denied.

A separate order will be issued.

Date:  January 23, 2008

Alexander Williams, Jr.
United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**COURTNEY ANTHONY BAILEY,**            )
                                        )
              **Plaintiff,**            )    **C.A. No. 08-CV-00754**
                                        )    **Judge Kollar-Kotelly**
       **v.**                           )
                                        )
**THE DISTRICT OF COLUMBIA** *et al.*   )
                                        )
              **Defendants.**           )
_____)

### <u>ORDER</u>

Upon consideration of the District of Columbia's Motion, the memorandum of points and authorities in support thereof, the plaintiff's opposition, if any, and the entire record herein, it is by this Court, this _____ day of _____, 200____.

ORDERED that the Complaint is hereby DISMISSED WITH PREJUDICE for the reasons stated in the District's motion.


_____
Judge Kollar-Kotelly
Judge, United States District Court for
the District of Columbia