UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COURTNEY ANTHONY BAILEY,<br><br>   Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA et al.,<br><br>   Defendants. | Civil Action No. 08-0754 (CKK) |

**PLAINTIFF'S MOTION TO STRIKE, DEFENDANT DISTRICT OF COLUMBIA
SECOND MOTION TO DISMISS**

    **AND NOW COMES,** Courtney Anthony Bailey, a natural person, on his own behalf, unassisted by counsel, and Plaintiff hereinafter, moves this Honorable Court to strike Defendant's pleading (Second motion to dismiss) as follows:

    The order establishing procedures for electronic filing for cases assigned to this Honorable Court provides that parties "must" **fully** comply with Local Civil Rules 7(h) and 56.1, and this Court strictly adheres to the dictates of Local Civil Rules 7(h) and 56.1 and may strike pleadings not in conformity with these rules. See Burke v. Gould, 286 F.3d 513,519 (D.C. Cir. 2002).

    On July 8, 2008 this Honorable Court issued an order requiring Plaintiff to make a timely response to Defendant's second motion to dismiss which argued that Plaintiff's claims are barred by collateral estoppel, waiver, and absolute quasi-judicial immunity.

RECEIVED
JUL 2 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

The Defendant, District of Columbia second motion to dismiss Plaintiff's suit, has failed to meet the requirements of Local Rules 7 and 56.1, and this Court "must" strike the Defendant's pleading.

As of date July 17, 2008, Defendant District of Columbia has failed to "serve" Plaintiff with a copy of its second motion to dismiss, which constitutes an "ex parte" motion to dismiss.

The rules governing motions to dismiss (Rule 12 of the Federal Rules of Civil Procedure) requires service upon the opposing party, so that the opposing party can have the chance to present arguments in opposition to the motion to dismiss. Furthermore Rule 12 and 56 of the Federal Rules of Civil Procedure prohibits "ex parte" motions to dismiss.

Dismissal of complaint for failure to state claim, without hearing and without oppurtunity for plaintiff to be heard, required reversal; "right of litigant to be heard is one of fundamental rights of due process of law. Council of Federated Organizations v. Mize, 339 F.2d 898, 9 FR Serv 2d 41B."

The Defendant submitted its motion to dismiss to the Court, misleading the Court making the Court assume that the second motion to dismiss was served on the plaintiff.

This act by the Defendant has deprived Plaintiff of a right secured by due process of the law, which shows that Defendant has failed to adhere to Court Rules, and Rules of Civil Procedure.

The Defendant "must" serve Plaintiff with all pleadings, especially a Rule 12 of Civil Procedure motion to dismiss. It is impossible to respond to a motion that was never served upon the Plaintiff by the Defendant, which is a basic "requirement" of "due process".

## CONCLUSION

**WHEREFORE,** Plaintiff respectfully request that this Honorable Court strikes the Defendant District of Columbia second motion to dismiss for failing to serve the required motion upon the Plaintiff by mail, or other means necessary to assure that Plaintiff receive their second motion to dismiss.

## CERTIFICATE OF SERVICE

On this 18th day of July 2008, I, Courtney Anthony Bailey declare under the penalties of perjury, that the foregoing motion to strike, Defendant District of Columbia second motion to dismiss was mailed to Urenthea McQuinn, first class mail, postage prepaid, and addresses as follows:

Urenthea McQuinn
Assistant Attorney General, D.C.
441 4th Street, N.W.
6th floor South, N.W.
Washington D.C.
20001

Respectfully,

*[signature: Courtney Bailey]*
COURTNEY ANTHONY BAILEY #27976-016
M.V.C.C.
555 Cornell Drive
Phillipsburg, Pa
16866

page 4 of 4