UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

AUG 2 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

COURTNEY ANTHONY BAILEY,
      Plaintiff,

     v.

THE DISTRICT OF COLUMBIA et al.
      Defendants.

)
)
)
)
)
)
)
)
)
)
)

C.A. No. 08-CV-00754

## PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA SECOND MOTION TO DISMISS

**AND NOW COMES,** Courtney Anthony Bailey, a natural person, on his own behalf, unassisted by Counsel, and Plaintiff herein-after, replies to Defendants' motion to dismiss as follows:

Defendant District of Columbia, by and through its counsel moves for Dismissal of Plaintiff's action based on three grounds, 1) Plaintiff fails to state a claim, and the claim is also barred by collateral estoppel and waiver, 2) Plaintiff's complaint should be dismissed pursuant to the doctrine of Quasi-judicial immunity; and 3) Plaintiff's complaint should be dismissed, because Plaintiff does not and could not not prove that the fact-specific circumstance alleged in his complaint occurred to a custom policy, and practice of the District of Columbia.

Plaintiff will address these three grounds immediately follow-ing the facts.

## STATEMENT OF FACTS

Plaintiff was a fugitive from justice, and found in the District of Columbia. Plaintiff was taken into the Superior Court of the District of Columbia, which issued its process (ORDER FOR THE RETURN OF FUGITIVE UPON WAIVER) on February 17, 2005, which states:

ORDERED detained at the District of Columbia Jail pending return to the State of Maryland in the custody of the proper officials of that State. See Exhibit "A".

This process empowered the District of Columbia to take and receive Plaintiff into custody, and then convey Plaintiff to the custody of the State of Maryland.

The issuance of the D.C. Superior Court process (ORDER FOR THE RETURN OF FUGITIVE UPON WAIVER) placed Plaintiff within the dominion and exclusive jurisdiction of the District of Columbia, which means that the United States Courts cannot pass over the line of division between the two sovereignties, and that no sovereignty, with the exception of the State of Maryland could have lawfully obtained jurisdiction over Plaintiff's person, or remove Plaintiff from the D.C. Jail, or beyond the territorial jurisdiction of the D.C. Superior Court.

On February 18, 2005, not even twenty-four (24) hours after the D.C. Superior Court issued its process, The Defendant (District of Columbia), through its officers, of whom was empowered with a "duty of care" to see to the safe keeping of Plaintiff for the State of Maryland officials, failed to make known to the United States Marshals working for the sovereignty of the United States (United States District Court for D.C.), that Plaintiff was already

in custody, and being held under the process and authority of the D.C. Superior Court, and that no officer working for the sovereignty of the United States had the authority or right to interfere with Plaintiff while being detained at the D.C. Jail pursuant to D.C. Superior Court process.

The D.C. Jail officials released Plaintiff to the United States Marshals of whom effectuated a Federal arrest pursuant to an arrest warrant issued by the United States District Court for Maryland, when an arrest warrant was insufficient to remove Plaintiff's person from the D.C. Jail in the middle of an ongoing extradition process between the State of Maryland and the D.C. Superior Court.

This release of Plaintiff's person by the Defendant (District of Columbia) caused the United States Marshals to arrest Plaintiff without sufficient process or authority causing the "false arrest" of Plaintiff by the United States Marshals, which constitutes an "unreasonable seizure" in violation of the Fourth Amendment, that subsequently caused Plaintiff to be held without bond in the U.S. District Court for D.C., which constitutes a "deprivation of liberty without due process of the law", in violation of the Fifth Amendment, and also constitutes "false imprisonment".

## STANDARD OF REVIEW

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6), a court must accept the allegations in the complaint as true. See, e.g., <u>Croixland Properties Ltd. Partnership v. Corcoran</u> 174 F. 3d 213, 215 (1999). All reasonable inferences must be drawn in favor of the Plaintiff, and a court should only dismiss a complaint for failure to state a claim "'only if it is clear that no

relief could be granted under any set of facts that could be proved consistent with the allegations.'" See Price v. Crestar Secs. Corp., 44 F. Supp 2d 351, 353 (D.D.C. 1999).

PLAINTIFF'S OPPOSITION TO DEFENDANT (DISTRICT OF COLUMBIA)
FIRST ARGUMENT

Defendant (District of Columbia) by and through its counsel alleges that Plaintiff has failed to state a cognizable claim, and that the claim is barred by "collateral estoppel" and "waiver".

The Defendant further introduces the Memorandum opinion of the U.S. District Court, of which Plaintiff was denied relief pursuant to 28 U.S.C. §2255, for the court to make a decision that Plaintiff's claim is barred by "collateral ectoppel".

What Defendant failed to bring to this Honorable Court attention is that the U.S. District Court for Maryland memorandum opinion is based on a "false allegation", which caused the Court to render a decision based on this false allegation, and if not for this "false allegation", Plaintiff would have obtained relief pursuant to his 28 U.S.C. §2255 motion.[1]

Plaintiff would like the Court to take judicial notice to this "false allegation", which is on page 2 of the Memorandum opinion which states:

"More specifically, he asserts that no writ of habeas corpus ad prosequendum was issued nor presented to the D.C. Superior Court, and that no court in the District of Columbia, including the United States District Court for the District of Columbia **[where Petitioner alleges he was initially taken]** had the authority to order Petitioner extradited out of the District of Columbia and to the United States District Court for Maryland". See Memorandum opinion attached hereto,

---

1. Plaintiff appeal of the U.S. District Court for Maryland denial is currently pending in the United States Court of Appeals for the Fourth Circuit.

If this Honorable Court further reads the memorandum opinion, this court would recognize that the conclusions of law are based on the "false allegation" that Plaintiff was "initially" taken into the U.S. District Court for D.C., and further claims that Plaintiff became "within" and "under" federal custody on **February 17, 2005**, the same day Plaintiff was Court ORDERED to the demanding state of Maryland by the D.C. Superior Court. See Ex. B, Mem. Op. at 5.

The Courts ruling is not based on the "fact" that Plaintiff was "initially" taken into the D.C. Superior Court, and Court Ordered detained at the D.C. Jail pending return to the State of Maryland in the custody of the proper officials of that State. See Ex. "A". ORDER FOR THE RETURN OF FUGITIVE UPON WAIVER.

If the Court would have made its ruling pursuant to facts, then the U.S. District Court would have applied the proper law governing Plaintiff's case, which is the "fundamental principles of comity", and subsequently shown that Plaintiff could not have been "lawfully" taken into the U.S. District Court on **February 18, 2005**, without the D.C. Superior Court relinquishing jurisdiction over Plaintiff's person.

When a State Court and a Court of the United States may each take jurisdiction of a matter, the tribunal where jurisdiction attaches first, holds it to the exclusion of the other, until its duty is fully performed; and this applies alike in both civil and criminal cases. Harkrader v. Wadley 172 U.S. 148

Better said, once the D.C. Superior Court obtained lawful jurisdiction over Plaintiff's person, pursuant to its process (ORDER FOR THE RETURN OF FUGITIVE UPON WAIVER), D.C. Superior Court had to fully perform its duty, by "surrendering" Plaintiff to the State of Maryland, before any federal court was permitted to exercise jurisdiction over Plaintiff's person.

If this Court is going to make a determination of collateral estoppel, Plaintiff believes that the Memorandum opinion must be consistent to "facts" in this case, otherwise this Court must make its own independant conclusions of law, based on the facts in this case.

Moreover Plaintiff believes that the Memorandum opinion should be striken from the record, because it is immaterial to this case pursuant to the "false allegation".

The case law relied on by Defendants, in it first argument must fail, because this case law only reflects, 1.) When there is a lawful transfer of a Defendant between sovereignties, and 2.) When a Defendant is "initially" taken into a federal Court.

It is an undisputable fact, that a Defendant lacks the requisite standing to challenge a valid transfer between sovereignties, but this is not the case here.

Plaintiff presence in the United States District Court for D.C. on February 18, 2005, was secured pursuant to a "false arrest", by the United States Marshals, which constitutes an unreasonable seizure in violation of the Fourth Amendment, and subsequenlty gives Plaintiff standing to seek redress in this Honorable Court.

Furthermore, to hold the "Unknown Named United States Marshals" liable, and not the District of Columbia, by and through its officers is futile, because without the release of Plaintiff by the D.C. Jail officials, the "Unknown Named United States Marshals" would not have "falsely arrested" Plaintiff pursuant to an arrest warrant, when a arrest warrant was insufficient to remove Plaintiff from the D.C. Jail, once Plaintiff was "in custody" of the District of Columbia.

It was held in United States v. Stephens 315 F. Supp 1008 (1970), that Rule 40 does not apply when Defendant is "in custody" of the United States or custody of the State.

Wherefore the D.C. Jail officials could not have lawfully re-
leased Plaintiff to the "Unknown Named U.S. Marshals" pursuant to
Rule 40 of the Federal Rules of Criminal Procedure, because Plain-
was already "in custody" pursuant to the process of the D.C. Super-
ior Court, which makes Plaintiff's rule 40 hearing unlawful and
"void" for ·lack of jurisdiction over Plaintiff's person.

Plaintiff believes that Defendant is ignorant of the law con-
cerning the transfer of individuals between State and Federal sov-
ereigns, which is governed by 28 U.S.C. §2241 (c) 5, and therefore
has raised a frivolous argument.

Once a Defendant is "in custody" of any sovereinty State or Fed-
eral, and needs to be transfered to another federal District for
prosecution or to testify, the government must petition for a writ
of habeas corpus ad prosequendum pursuant to 28 U.S.C. §2241 (c) 5,
or the All Writs Act 28 U.S.C. §1651.

Defendant also alleges that Fed. R. Crim. P. 40 trumps any
contrary state law or order under the Supremacy Clause. This
argument is unfounded by caselaw, and frivolous.

To say that Fed. R. Crim. P. trumps any contrary state law
or order[1] is to say that the "Unknown Named United States Marshals",
can effectuate a Rule 40 arrest in any given circumstance, or while
a Defendant is "in custody", and that the D.C. Jail officials have
the authority to release a Defendant while being detained by an or-
der of the D.C. Superior Court, without the D.C. Superior Court
relinquishing jurisdiction over a Defendant, is a mockery to the
fundamental principles of comity which governs our nations State
and Federal systems of Courts.

---

1. It is unclear if Defendants is saying that Rule 40 trumps the
order of the D.C. Superior Court, which placed Plaintiff into its
custody until conveyed to the State of Maryland.

Last but not least, if jurisdiction does not exist, a valid waiver cannot be made. When Plaintiff appeared in the U.S. District Court for D.C. on February 18, 2005, the D.C. Superior Court still had lawful jurisdiction over Plaintiff's person, and was still "in custody of the D.C. Superior Court", which shows that Plaintiff's waiver was void, for lack of jurisdiction over Plaintiff's person.

Wherefore Plaintiff respectfully request that this Honorable Court denies Defendants argument based on "collateral estoppel", and "waiver", and also denies its argument that Plaintiff has failed to raise a cognizable claim.

## PLAINTIFF'S RESPONSE TO DEFENDANT SECOND ARGUMENT

Defendant (District of Columbia) alleges that Plaintiff's case should be dismissed based upon quasi-judicial immunity.

The only D.C. Jail official that was cloaked with quasi-judicial immunity is Defendant **Thomas Winkfield**, of whom released Plaintiff on **February 23, 2005**[2] pursuant to Magistrate Judge Alan Kay's facially valid order. See Ex "C" District of Columbia Jail release information.

Furthermore, he was executing a discretionary function, which makes him immune, and probably unaware of the unlawful release of Plaintiff on **February 18, 2005** by his fellow officers, which caused the "false arrest" of Plaintiff in violation of the Fourth Amendment of the United States Constitution, which lead to the order he was executing.

---

2. The Defendants only objection is to the actions which occurred on this date, and only raises a defense to this particular officer. There is no defense for the actions occuring **February 18, 2005**

Plaintiff agrees to the immunity of the officers only on that particular day of **February 23, 2005**, whose actions were connected to the judicial process of Magistrate Judge Alan Kay, and moves this Honorable Court to dismiss the Defendant **"Thomas Winkfield"** from this action, which leaves the Defendant to answer for the action of the "Unknown Named D.C. Jail officials", who was named to this suit for their actions on **February 18, 2005**, causing the "unreasonable seizure", and "false arrest" of Plaintiff in violation of the Fourth Amendment.

The law is clear that an arresting officer has no immunity from suits for torts committed in the course of making an arrest, and to preclude the "Unknown Named D.C. Jail officials" from suit who took part in effectuating the "Unknown Named United States Marshals" "false arrest" of Plaintiff would be highly prejudicial.[3]

### PLAINTIFF'S RESPONSE TO DEFENDANT THIRD ARGUMENT

Defendant argues that Plaintiff's claim should be dismissed because Plaintiff failed to establish any such policy or custom of the District of Columbia caused Plaintiff injury.

Defendant's argument is on point to a certain extent, but a **custom** or policy is not the only way to invoke municiple liability.

Municiple liability can be premised for simple negligent failure to train that results in deprivation of Plaintiff's constitutional rights. Lower courts have generally permitted liability only where municipality's failure to train reached level of gross negligence or deliberate indifference to Plaintiff's constitutional

---

3. A motion to consolidate related cases pursuant to Rule 42 of Federal Rules of Civil Procedure accompanies this motion.

rights. Scarpa v. Murphy (1985, DC Mass) 624 F Supp 33

At this stage in the proceedings, it is unclear, whether the District of Columbia failed to train the D.C. Jail officers in the procedures of detaining prisoners pending extradition to another State, or if this is just one incident.

Furthermore Plaintiff does not have no evidence to offer showing municiple liability, on the element of "failure to train" without interrogatories and depositions, which leaves a question of fact that needs to be determined, as to whether the D.C. Jail officials actions was caused by the District of Columbia lack of training.

Plaintiff moves for the Defendant (District of Columbia) to be dismissed from this action "without prejudice" until it can be be proven that municple liability is warranted on the element of "failure to train", eventhough Defendants argument that Rule 40 of the Federal Rules of Criminal procedure trumps the D.C. Superior Court order, implies that the District of Columbia has a custom of releasing a prisoner to a United State Marshals to effectuate a rule 40 arrest, when rule 40 is inapplicable once a prisoner is "in custody".

## CONCLUSION

**WHEREFORE,** Plaintiff files an amended complaint pursuant to 42 U.S.C. §1983, which excludes **"Thomas Winkfield"** and the **District of Columbia,** and pursues monetary damages against **"Unknown Named Officials of the D.C. Jail",** of whom caused the "Unknown Named United States Marshals" to effectuate a Rule 40 arrest without authority on **February 18, 2005,** which constitutes an "unreasonable seizure"in violation of the Fourth Amendment.

Plaintiff further moves that the related cases should be consolidated pursuant to Rule 42 of the Federal Rules of Civil Procedure.

Respectfully,

Courtney Anthony Bailey #27976-016
M.V.C.C.
555 Cornell Drive
Phillipsburg, Pennsylvania
16866

**See Amended Complaint and Rule 42 motion to consolidate.**

## CERTIFICATE OF SERVICE

I, Courtney Anthony Bailey, hereby certify that on this /5th day of August 2008, I caused a copy of Plaintiff's reply motion to Defendants' motion to dismiss, and Rule 42 motion to consolidate, to be served on Defendant by mailing it to the following address:

Carol A. Connolly
Assistant Attorney General
441 Fourth Street N.W., Suite 6S012
Washington D.C.
20001

Respectfully,

Courtney Anthony Bailey #27976-016
M.V.C.C.
555 Cornell Drive
Phillipsburg, Pa
16866

Exhibit

3

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CRIMINAL DIVISION

STATE OF     MARYLAND

vs

BAILEY, COURTNEY

PDID NO. ............... 474919

SP NO. .......... 3908 FEB 19 S 3: 34

RECEIVED

### ORDER FOR RETURN OF FUGITIVE UPON WAIVER

BAILEY, COURTNEY

........................................, having appeared with Counsel in open Court

on    FEBRUARY 17, 2005

.......................... and having waived further proceedings pursuant

to law and indicated his desire to return voluntarily to the State of  MARYLAND ...............,

is hereby

     ORDERED detained at the District of Columbia Jail pending return to the State of

MARYLAND

...................................in the custody of the proper officials of that state; and it is

     FURTHER ORDERED that if  BAILEY, COURTNEY ......................................has not been

surrendered to the custody of a proper official of the State of   MARYLAND

by FEBRUARY 23, 2005    (3 days, not including Saturday, Sunday or holidays), he shall

be returned FORTHWITH to this Court for such further proceedings as the Court shall deem

appropriate.

............ 2/17/05 ............
DATE

............ *Aida R. Melenda* ............
JUDGE

=========================================================

### RETURN

=========================================================

OFFICIAL: ...........................................................

NAME

...........................................................

ADDRESS

...........................................................

TITLE

WHITE—COURT COPY
YELLOW—DEFENDANT'S COPY
PINK—JAIL COPY
GOLDENROD—COPY TO BE RETURNED TO COURT
AFTER EXECUTED

Form CD-494/Nov. 87

8-1296 wd-234

Exhibit

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

COURTNEY ANTHONY BAILEY       *

                             *

v.                              *      Civil No.-     AW-07-0290

                             *      Criminal No.  AW-05-0099

                             *

UNITED STATES OF AMERICA      ******

## MEMORANDUM OPINION

Before the Court is a Motion by the Petitioner/Defendant, Courtney Anthony Bailey,

pursuant to 28 U.S.C § 2255 To Vacate, Set Aside or Correct Sentence.  In his Motion, Petitioner

alleges that his conviction should be vacated because of: (1) ineffective assistance of counsel; (2)

due process and equal protection violations of the Fifth, Sixth, and Fourteenth Amendments, and a

violation of the Eighth Amendment's prescription  against cruel and unusual punishments; (3) no

extradition hearing or habeas corpus hearing, no establishment of custody and lack of personal

jurisdiction; (4) lack of a writ of habeas corpus ad prosequendum, violation of various sections of

the D.C. Code; and (5) prosecutorial misconduct based on a lack of jurisdiction to prosecute.  The

Government has responded to the Motion, Petitioner has filed a reply to the Government's

opposition and the Motion is ripe for resolution.  The Court has reviewed the current pleadings and

the entire file relative to the present Motion, including the underlying criminal case file, and the

Judgment issued by this Court.  For the reasons stated hereinafter, the Motion must be denied.

On August 19, 2005 Petitioner pled guilty to Count two of a Superseding Indictment, which

charged him with possession with intent to distribute 500 grams or more of cocaine, in violation of

21 U.S.C. § 841.  As part of his plea agreement, Petitioner stipulated and acknowledged that on or

about September 25, 2003 he arranged for a package of cocaine powder to be sent via Federal

Express from Oakland, California to an apartment in Oxon Hill, Maryland. On September 26, 2003, Petitioner signed for the packages of cocaine at his apartment and shortly thereafter Petitioner exited his apartment building and began driving away from the apartment. As uniformed federal law enforcement agents approached him, Petitioner reversed his vehicle and drove into one of the police vehicles assisting the federal agents. Petitioner was able to elude the law enforcement officers and thereafter sold the cocaine to other individuals. Apparently, Petitioner remained a fugitive until his arrest in Washington, D.C. on state drug charges in February 2005. On January 31, 2006 Petitioner was sentenced to 63 months with the Bureau of Prisons and given credit for time served commencing February 17, 2005.

While Petitioner has asserted a number of claims, including a claim that he was the victim of ineffective assistance of counsel, the chief complaint of Petitioner surrounds his assertion that he was improperly extradited without notice and without a hearing from the District of Columbia to Maryland. More specifically, he asserts that no writ of habeas corpus ad prosequendum was issued nor presented to the D.C. Superior Court, and that no court in the District of Columbia, including the United States District Court for the District of Columbia [where Petitioner alleges he was initially taken] had the authority to order Petitioner extradited out of the District of Columbia and to the United States District Court for the District of Maryland. Petitioner cites several statutory provisions of the D.C. Code in support of his assertion that this Court was without proper authority and jurisdiction to have convicted and sentenced him. Petitioner asserts that his attorney should have known of the lack of jurisdiction of this Court and failed to investigate these facts to determine that Petitioner's rights were violated. Petitioner further argues that the Assistant United States Attorney for the District of Maryland who was assigned to the case has engaged in misconduct because he

2

should have known of the improper removal of Petitioner from the District of Columbia without a hearing and without the issuance of a writ, and that he should have known that this Court was assuming jurisdiction without authority. Finally, Petitioner's other claims of violations of the fourth, fifth, sixth, eighth and fourteenth amendments all stem from his claim of an illegal, unconstitutional and improper removal from the District of Columbia to Maryland where he pled guilty and was sentenced.

The Court agrees with the Government and its arguments advanced as part of its opposition to the Motion to vacate pursuant to 28 U.S.C. § 2255. While the Court is not aware of any published Fourth Circuit decisions directly on point, the Court was directed by the Government to two unpublished decisions which appear dispositive of Petitioner's claims. In both *United States v. Harden*, 45 Fed Appx.237, 239 (4th Cir.2002) and *United States v. Horton* CR 93-40, 1997 WL 76063 at *1-3 (4th Cir., February 24, 1997), the Courts are clear in finding the absence of standing as they cite approvingly from *Derengowski v. U.S. Marshal*, 377 F.2d 223, 223 (8th Cir. 1967), cert. denied, 389 U.S. 884 (1967), "[It] is a well-established legal rule that a state prisoner is without standing to contest a federal court's issuance of a writ or habeas corpus ad prosequendum." The prohibition also bars prisoners from challenging the operation of writs. In accord is *Flick v. Blevins*. 887 F.2d 778,781 (7th Cir. 1989) – however, prisoners have no standing to challenge transfers between sovereigns or to challenge the issuance of a writ of habeas corpus ad prosequendum.

Preliminarily, the Court does not believe that Petitioner has the requisite standing to challenge his transfer from the District of Columbia to the District of Maryland where Petitioner was charged and pled guilty before a Court possessing the jurisdiction to hear and accept the guilty plea. Moreover, the Court does not believe that procedural deficiencies in transfer from one jurisdiction

3

to another affects the power, authority and competence of the receiving jurisdiction to try an accused on charges pending in that court. Indeed, whatever procedural deficiencies Petitioner is now asserting should have been presented long before he submitted to the Court's jurisdiction and entered his guilty plea. To the extent that Petitioner had standing to challenge directly his transfer without a removal hearing, he has no standing to challenge directly the issuance of the ad prosequendum writ because an ad prosequendum writ is simply a procedural mechanism for transporting prisoners between sovereigns, and it is those sovereigns that have standing to object. *Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922). Furthermore, here, where Petitioner waited nearly two years to have this Court review the propriety of his removal,[1] the Court believes the objection to the transfer asserted long after his plea and sentence is now subject to waiver. *See United States v. Milton*, 1996 WL 324401 (W.D. Va. 1996) (finding that because the defendant waited nearly seven months to have the district court review the propriety of his removal, he waived his right to do).

Petitioner claims to be the victim of ineffective assistance of counsel. In order to prevail on his claim for ineffective assistance of counsel, Petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness (the performance component), and there is a reasonable probability that, but for counsel's ineffectiveness, the result of the case or his fate would have been different (the prejudice component). *Strickland v. Washington*, 466 U.S. 668 (1984), is the well known case which sets forth the standard.

There is nothing in the record suggesting that the counsel knew or should have known that

---

[1] On February 24, 2005, Petitioner arrived in the District of Maryland for his initial appearance. On February 4, 2007, nearly two years after his initial appearance, Petitioner, for the first time, in his Motion to Vacate Sentence, raises challenges to his transfer to the District of Maryland.

4

Petitioner wanted to challenge the manner of Petitioner being brought to the District of Maryland. Nor does the Court believe that his counsel was obligated to raise Petitioner's removal issue given the absence of legal authority supporting the lack of standing of Petitioner to challenge his transfer. What appears on the docket entry is that Petitioner was charged on February 24, 2005 for an alleged incident occurring on September 26, 2003. Petitioner was presented in the United States District Court for the District of Maryland on the date he was charged and was ordered detained. The office of the Federal Public Defender entered their appearance and, thereafter, Petitioner was indicted by the grand jury on March 7, 2005. As indicated earlier, Petitioner, subsequently, pled guilty and was sentenced to a total term of 63 months with credit time served commencing on February 17, 2005–which is the day the Court assumes that Petitioner became within and under federal custody. There is nothing on the face of the docket entries which would have triggered indications of constitutional violations.

In short, the Court has reviewed the entire record, including the criminal proceedings as well as the pleadings and record with respect to the instant Motion, and concludes that Petitioner has not demonstrated any constitutional ineffectiveness under the *Strickland* test to warrant relief from the conviction and sentence. Petitioner simply makes bald allegations of ineffectiveness with no factual support. The inescapable conclusion the Court reaches is that there is no evidence of a performance deficiency. Nor is there anything demonstrating prejudice sustained by Petitioner even if the Court could find deficiencies in performance.

Finally, Petitioner's remaining claims all fail as they are based upon Petitioner's claim of an improper removal. For the reasons previously articulated with reference to Petitioner's transfer and removal claims, the Court also determines that there are no grounds nor any factual basis to conclude

5

that there was prosecutorial misconduct or other violations of the fourth, fifth, sixth, eighth, and fourteenth amendments.

Accordingly, the Motion To Vacate, Set Aside, or Correct Sentence is DENIED. A separate order will issue.

August 31, 2007
Date

Alexander Williams, Jr.
United States District Judge

ATTACHMENT
Exhibit



Selected Inmate —Alerts:

Name BAILEY, COURTNEY

| Birth | Sex | Race | Release | Admt Type | SS# | Booking# | Prmnt# | Booking Date | Classification |
|-------|-----|------|---------|-----------|-----|----------|--------|--------------|----------------|
| 08/13/1978 | M | B | 02/23/2005 | 45 | 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 | 2005-02236 | 278637 | 02/17/2005 | Pretrial Minimum |

Section
Block
Cell
Bed
Location 12

02/23/2005 07:17
WINKFIELD, THOMAS
7

U. S. DISTRICT COURT
EXTRADITION
U.S. MARSHAL SERVICE

Print    Search    Nexto    Print FSRx    Unrelease    Calc Temp Days    Abort

Booking
Alies
Billing Agn
Bond
Charges
Cmmsry Hi
Ctgry Lmt
Detainers
Education
Enemies
Employmer
Grievances
Housing
DJ's
Incidents
Miscnducts
Physical
Property
QTY Restr
Release
$Rstrctions
Schedule

